IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLANCA LEON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:11-CV-0874-D |
| VS. | § | |
| | § | |
| SEARS, ROEBUCK AND CO., et. al, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action arising from a workplace injury, both parties seek summary judgment on plaintiff's negligence claim. For the reasons that follow, the court denies the motions.

I

This is a removed diversity action by plaintiff Blanca Leon ("Leon") against defendants Sears, Roebuck and Co., Sears Logistics Services, Inc., and Sears Holding Corporation (collectively, "Sears").[1] Leon asserts claims of negligence and negligence *per se* against Sears and seeks damages and exemplary damages.

Sears operates a Carry-In Repair Center ("Repair Center") that uses an assembly line

---

[1] Leon named Lynn Church ("Church") as a defendant in her original petition filed in state court. *See* Pet. 2-3. Sears removed this case based on diversity jurisdiction, asserting that Church had been improperly joined and that her citizenship should be disregarded. *See* Not. of Rem. 2-3. Although Church is still a named party whose inclusion would defeat diversity jurisdiction, the cross-motions for summary judgment only describe Sears as the defendant. *See* P. Dec. 12, 2011 Br. 2; Ds. Dec. 12, 2011 Br. 1. The court will therefore disregard Church's Texas citizenship in deciding these motions.

to refurbish tools for resale.[2] In 2004 Leon became a quality control associate at the Repair Center. She was injured in 2009 when she received a handheld circular saw that still had a blade attached. Generally, blades are removed by a technician before the tool is received by a quality control associate. Because the saw was facing down, Leon did not see the blade. When she picked up the saw, the blade severed three of her fingers.

The parties have filed cross-motions for summary judgment. Leon asserts that she is entitled to summary judgment because there are no genuine issues of material fact regarding Sears' negligence in failing to provide a reasonably safe work environment. Sears counters that it is entitled to summary judgment because Leon has failed to show evidence that Sears breached its duty. Because the cross-motions for summary judgment effectively present the same question, the court considers the motions together.

II

Because Leon will bear the burden of proof at trial on her negligence claim, to obtain summary judgment she "must establish 'beyond peradventure all of the essential elements of the claim.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th

---

[2]Both sides have moved for summary judgment. "Where the background facts are undisputed, the court recounts them according to the summary judgment record developed through the parties' cross-motions." *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 2009 WL 3074618, at *1 n.4 (N.D. Tex. Mar. 30, 2009) (Fitzwater, C.J.), *appeal docketed*, No. 11-10649 (5th Cir. July 8, 2011). "Where the facts are materially disputed, the court recounts the evidence in a light favorable to the nonmovant on that issue and draws all reasonable inferences in favor of the nonmovant." *Id.*

Cir. 1986)). This means that Leon must demonstrate that there are no genuine and material fact disputes, and that she is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

Sears also moves for summary judgment. When a party moves for summary judgment on a claim for which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the opposing party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the opposing party must go beyond its pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The opposing party's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.) (citing *Edgar v. Gen. Elec. Co.*, 2002 WL 318331, at *4 (N.D. Tex. Feb. 27, 2002) (Fitzwater, J.)). Summary judgment is mandatory if the opposing party fails to meet this burden. *Little*, 37 F.3d at 1076.

III

Because Sears does not subscribe to workers' compensation insurance, to recover for her injury Leon must prove that Sears was negligent. *See* Tex. Lab. Code Ann. § 406.033(d) (West 2006) (requiring that employees who are not covered by workers' compensation prove negligence by employer or employer's agent).[3] To establish negligence under Texas law, Leon must demonstrate "the existence of a duty, a breach of that duty, and damages proximately caused by the breach." *Davis v. Dallas Cnty., Tex.*, 541 F.Supp.2d 844, 850 (N.D. Tex. 2008) (Fitzwater, C.J.) (quoting *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)).

Leon brings her negligence claim under two theories of liability, alleging that Sears breached both its common law and statutory duties to provide a reasonably safe workplace.

Texas common law imposes a duty on an employer "to use ordinary care in providing a safe workplace." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam) (citing *Farley v. M M Cattle Co.*, 529 S.W.2d 751, 754 (Tex. 1975), *overruled on other grounds*, *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex. 1978)). This includes, for example, "the duty to warn employees as to the hazards of their employment and to supervise their activities, the duty to furnish a reasonably safe place in which to labor and the duty to furnish reasonably safe instrumentalities with which employees are to work." *Farley*, 529

---

[3]To offset this burden of requiring employees to prove negligence, the workers' compensation statute prevents non-subscribing employers like Sears from asserting the following defenses: contributory negligence, assumption of risk, or that a fellow employee's negligence caused the injury. *See* Tex. Lab. Code Ann. § 406.033(a).

S.W.2d at 754 (collecting cases). But an employer "is not an insurer of its employees' safety," and therefore has no duty to warn or adopt safety rules for hazards that are commonly known or already appreciated by the employee. *See Kroger*, 197 S.W.3d at 794 (citing *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex. 1993)). Moreover, "when an employee's injury results from performing the same character of work that employees in that position have always done, an employer is not liable if there is no evidence that the work is unusually precarious." *Kroger*, 197 S.W.3d at 795 (citing *Werner v. Colwell*, 909 S.W.2d 866, 869 (Tex. 1995)); *Nat'l Convenience Stores Inc. v. Matherne*, 987 S.W.2d 145, 149 (Tex. App. 1999, no pet.) ("[A]n employer's duty to instruct applies to an inexperienced employee but not to one who is experienced in the work he is assigned.").

In addition to the common law duty, the workers' compensation statute prescribes a similar statutory duty to provide a reasonably safe workplace. Section 411.103 of the Texas Labor Code states

> Each employer shall:
> (1) provide and maintain employment and a place of employment that is reasonably safe and healthful for employees;
> (2) install, maintain, and use methods, processes, devices, and safeguards, including methods of sanitation and hygiene, that are reasonably necessary to protect the life, health, and safety of the employer's employees; and
> (3) take all other actions reasonably necessary to make the employment and place of employment safe.

Tex. Lab. Code Ann. § 411.103 (West 2006).[4]  This statutory duty does not create a separate cause of action.  *See* Tex. Lab. Code Ann. § 411.004 (West 2006) (explaining that no provision of Chapter 411 creates an independent cause of action, except for Subchapter F, which is irrelevant here).  Rather, § 411.103 effectively prescribes a more precise definition of the common law duty to provide a safe workplace.[5]  *See Campuzano v. R.R. Hall Inc.*, 2004 WL 2479920, at *3 n.4 (N.D. Tex. Nov. 2, 2004) (Boyle, J.) ("Section 411.103 does not create a cause of action, but rather prescribes an employer's duty to provide a safe working environment.  Plaintiff's claims are common law negligence claims.").

---

[4]Section 411.103 applies only to employers who obtain workers' compensation insurance, and employers who do not obtain such insurance and who have five or more employees not exempt from workers' compensation coverage.  *See* Tex. Lab. Code Ann. § 411.002 (West 2006).  Sears does not contest § 411.103's applicability.

[5]Leon characterizes her argument that Sears breached its duty under § 411.103 as negligence *per se*.  *See* Pet. 6.  Texas courts usually reserve the negligence *per se* doctrine for bright-line penal laws, like traffic violations.  *See Perry v. S.N.*, 973 S.W.2d 301, 306 (Tex. 1998) (collecting cases and explaining that "the overwhelming majority of this Court's negligence per se cases have involved violations of traffic statutes").  Texas courts have not decided whether § 411.103 is a negligence *per se* statute.  *Compare Alashmawi v. IBP, Inc.*, 65 S.W.3d 162, 171 (Tex. App. 2001, pet. denied) (characterizing § 411.103 as a statutory duty and not mentioning negligence *per se*) *with Haferkamp v. SSC Waco Greenview Operating Co.*, 2012 WL 851679, at *1 (Tex. App. Mar. 14, 2012, no pet. h.) (mem. op.) (describing § 411.103 as a negligence *per se* argument).  The court need not decide whether § 411.103 supports a negligence *per se* argument because this statutory duty has a reasonableness standard like the common law duty, which means the duties are in effect equivalent.  If Leon can prove that Sears breached its duty under § 411.103, this would establish a breach of the common law duty without the need to rely on the negligence *per se* doctrine.

IV

The court first considers Leon's motion for summary judgment.

A

Leon maintains that she is entitled to summary judgment because Sears breached its common law and statutory duties by (1) failing to train her how to handle a saw with blades still attached; (2) failing to provide her with adequate assistance and supervision in her work; (3) instructing her to expect that saws would not have blades still attached and to not check for them because it would decrease her work pace; and (4) failing to remove the blades before the saw reached her. The court will address each argument in turn.

B

Leon contends first that she was not trained how to handle a saw with a blade. She relies for support on the deposition of Vernon Mitchell Adams ("Adams"), who testified that Sears has no training material on how to refurbish and handle a circular saw specifically, but that Sears does use a general safety video to show how to handle sharp objects. Adams also testified that he was "not aware of any particular specific training that [Leon] undertook to do her job." P. App. 12; *see also id.* at 15 (answering "No" to the question whether he "kn[e]w of any of the safety training that was provided to [Leon] which applied to the actual work she was doing when she was injured"). Leon maintains that this testimony supports her assertion that Sears failed to train her. But because Adams only testified that he was "not aware" of the particular training Leon received, the testimony does not support the assertion that Leon was never trained.

Furthermore, Leon testified in her deposition that Sears did train her how to use the tools she inspected. She also testified that she was given some instructions on how to handle a saw, that she was taught to see if a blade was still attached, and that, if so, she should not turn on the saw but instead should take it off the process line.[6] Although Leon argues that she was not given specific training on how to deal with a power saw, her deposition testimony would permit a reasonable jury to find that Sears provided her some training.[7] Because Leon points to no evidence that this training was insufficient, she has not established beyond peradventure that Sears was negligent in its training.

C

The court next considers Leon's argument that Sears breached its duty by failing to supervise or provide adequate assistance for her work. In support, Leon points to Adams' deposition testimony that there was a "safety team" deployed when Leon was injured, but he "[did]n't know the individuals that would be part of that team." P. Dec. 12, 2011 App.

---

[6]Leon contends that Sears is bound by Fed. R. Civ. P. 30(b)(6) to solely using Adams' deposition testimony as summary judgment evidence. But Rule 30(b)(6) does not preclude Sears from citing to Leon's own testimony. *See United States v. Taylor*, 166 F.R.D. 356, 362 n.8 (M.D.N.C. 1996) (explaining that preclusion under Rule 30(b)(6) does not reach to party arguing "from the opponent's evidence").

[7]Leon avers that "[she] was never instructed on the safe and proper operation of a Power saw with a serrated steel blade." P. Dec. 12, 2011 App. 176. Leon did not cite this statement in support of her arguments. Because the statement conflicts with her prior deposition testimony, it is insufficient to meet her heavy burden of establishing negligence beyond peradventure. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) (explaining the "well settled" principle that an affidavit that impeaches prior sworn testimony cannot create a sufficient fact issue even to *defeat* the opposing party's summary judgment motion).

15-16. Adams also testified that he did not know whom Sears held responsible for Leon's injury. *Id.* at 14. And he testified that Leon's department would typically see "four to five hundred assemblies on a particular day as a matter of routine, but that varies significantly based on a variety of characteristics." *Id.* at 9.

Leon has failed to establish beyond peradventure that Sears did not adequately supervise or assist her in her work, which would have allegedly breached Sears' common law and statutory duties. The evidence on which Leon relies does not necessarily require the conclusion that Sears failed to supervise or provide assistance. Leon has not explained how Adams' not knowing the identity of the safety team that assisted Leon demonstrates that she received inadequate supervision or assistance. Adams' answer that he did not know whom Sears held responsible for Leon's injury does not require the finding that Sears failed to adequately supervise or assist Leon. And testimony that Leon's department typically handles 400 to 500 assemblies per day does not establish that Leon lacked supervision and assistance since, for example, Leon points to no evidence that she could not handle her share of the department's work.

D

Leon also contends that Sears breached its common law and statutory duties by instructing her to expect that the saws would not have blades and to not check for blades because this would slow her work pace. Leon fails to point to any evidence that Sears

instructed her to not check for blades.[8]  In fact, Leon admitted in her deposition testimony that Sears taught her to check for whether a blade was still attached.  *See* Ds. Jan. 3, 2012 App. 6 (answering "Yes" to the question "you were also taught that you need to look to see if there's a blade on the saw when it comes to you, correct?").

Leon points to little support for her assertion that Sears expected her to work at an unsafe pace.  She argues that Sears expected her to meet a daily quota of inspections that could be 400 to 500 tools, or even up to 1,000 tools.  In support, Leon cites to Adams' testimony that the refurbishing line may deal with 400 to 500 tools per day, and that such amount varies significantly each day.  Leon has pointed to no evidence that the daily quota reached 1,000 tools.[9]  And more important, she has failed to show beyond peradventure that her daily quota created an unsafe work environment.

E

Leon argues last that Sears breached its duty by failing to remove the blade before the saw reached her.  This argument cannot establish that Sears was negligent because Leon has

---

[8]Leon's affidavit speaks to this issue, but again, Leon failed to cite to her affidavit in her motion for summary judgment.  Leon avers that "[she] was instructed to expect that the tools would not contain blades because looking for blades that had been removed and were not supposed to be present would decrease the speed of inspections."  P. Dec. 12, 2011 App. 176.  This statement, in light of Leon's deposition testimony, cannot satisfy Leon's summary judgment burden on the assertion that Sears instructed her not to check for blades.

[9]Leon avers that, at times, her quota was 800 to 1,000 tools, and that "[she] was expected to work extremely fast."  P. Dec. 12, 2011 App. 176.  Leon has not cited these statements in her motion.  And, without more, they cannot satisfy her heavy summary judgment burden.

not shown how this one injury proves that Sears breached its duty to provide a reasonably safe workplace. Under Texas common law, "an employer is not an insurer of its employees' safety." *See Kroger*, 197 S.W.3d at 794. And Sears' statutory duty under § 411.103 does not demand an absolutely safe workplace, but rather a "reasonably" safe workplace. *See* Tex. Lab. Code Ann. § 411.103.

Furthermore, Leon's deposition testimony and her statement to a Sears investigator would permit a reasonable jury to find that Sears had prepared Leon for how to deal safely with a saw that still had the blade attached. Leon's statements show that she was aware that a saw with a blade might reach her, because she admitted that she had previously received such saws and had been trained to check for blades. *See Kroger*, 197 S.W.3d at 794 (holding that employer has no duty to warn or adopt safety rules for hazards that are commonly known and already appreciated by employee). Leon also admitted that she had inspected over 400 of these types of saws and would always check whether a blade was still attached.

F

Because Leon has failed to establish beyond peradventure that Sears breached its duty, her motion for summary judgment is denied.

V

The court turns next to Sears' motion for summary judgment.

A

Sears contends that it is entitled to summary judgment because Leon has failed to raise a genuine issue of material fact regarding Sears' alleged breach of its duty to provide a

reasonably safe workplace. Sears relies on evidence that it was not negligent in training Leon to check whether saws still had blades. It maintains that Leon has failed to adduce evidence that Sears breached its duty. And it presents evidence that its workplace was reasonably safe, including Leon's deposition testimony that she was taught to "look to see if there[] [was] a blade" on saws she received, and, if so, to "take [the saw] off the line." Ds. Dec. 12, 2011 App. 41. Sears contends that this testimony shows that, by teaching Leon to always check for blades, Sears sufficiently accounted for the possibility that a technician would fail to remove a saw blade.

Leon raises three arguments in response, but none is sufficient to create a genuine issue of material fact.

First, Leon argues that Sears is attempting to assert the defense of contributory negligence, which is unavailable to an employer whoes do not subscribe to workers' compensation insurance. *See* Tex. Lab. Code Ann. § 406.033(a). This argument fails because Sears is not asserting contributory negligence. Instead, Sears is arguing that Leon cannot meet her burden of proving breach of a duty.

Second, Leon relies on a Sears document. In describing the incident, the document states that Nubia Gutierrez ("Gutierrez"), a technician on the refurbishing line, "violated work rules that require blades to be removed from portable electric and battery operated hand tools," and that "[d]ue to her failure to follow work rules and remove the blade from the hand tool she rebuilt, a [quality control] associate seriously cut her fingers on the blade." P. Jan. 17, 2012 App. 1. Leon argues that Gutierrez's work-rule violation was negligence, and that

- 12 -

this negligence equates to Sears' being negligent.

But even if the court assumes that Gutierrez was negligent in this respect, a reasonable jury could not find that this single negligent act by a Sears employee establishes that Sears failed to provide a reasonably safe work environment. *See Kroger*, 197 S.W.3d at 794 ("[A]n employer is not an insurer of its employees' safety.").

Third, Leon asserts that Sears is bound by its Rule 30(b)(6) deposition and cannot succeed on arguments to which Adams did not testify in his deposition. The court has already rejected this argument. *See supra* note 6.

B

Although Leon has failed in her response to raise a genuine issue of material fact, the court concludes that evidence in Leon's own summary judgment motion does raise a genuine issue of material fact.[10] In Leon's affidavit, she avers that "[she] was instructed to expect that the tools would not contain blades because looking for blades that had been removed and were not supposed to be present would decrease the speed of inspections." P. Dec. 12, 2011 App. 176. This evidence would enable a reasonable jury to infer that Sears condoned a work environment in which she was encouraged not to check for saw blades because doing so would decrease the speed of inspections. Drawing all reasonable inferences in Leon's

---

[10]The court will consider the evidence presented in Leon's motion for summary judgment, even though she failed to include or cite to the evidence in her response, because the court is considering the parties' cross-motions in tandem. *See generally CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 274 (5th Cir. 2009) (holding that "a nonmovant may satisfy its responsive burden by cross-citing to its own motion for summary judgment").

favor,[11] if Sears in fact encouraged such a high speed of inspections that the quality control associates would feel pressured not to check for blades, a reasonably jury could find that Sears breached its duty to provide a reasonably safe work environment.[12]

Leon's affidavit contains other support for the finding that Sears encouraged workers to conduct inspections at an unsafe speed. Leon avers that "[she] was expected to work extremely fast. At times I had a quota of 800 to 1,000 tools to refurbish and inspect." P. Dec. 12, 2011 App. 176. This inspection speed and volume, coupled with Leon's averment that "Sears gave me 100% assurance that every blade would be removed by the time that tools reached me," *id.*, would enable a reasonable jury to find that Sears' warnings to check each saw for a blade were insufficient in light of the speed and volume of inspections.

Viewing this evidence in the light favorable to Leon, the court concludes that there is a genuine issue of material fact regarding whether Sears encouraged speed over safety to the extent that the work environment was unreasonably unsafe as a result.

---

[11]Because Leon is the summary judgment nonmovant in this context, the court must "draw[] all reasonable inferences in [her] favor." *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

[12]Leon's affidavit creates a genuine issue of material fact because her statement about the speed of inspections does not contradict her prior sworn deposition testimony. On the other hand, Leon cannot argue that her affidavit creates a fact issue on whether she was taught to check saws for blades, because she had testified previously by deposition that she *was* taught to check for blades. *See S.W.S. Erectors, Inc.*, 72 F.3d at 495 ("It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony.") (citing Fifth Circuit cases).

\* \* \*

For the reasons explained, Leon's December 12, 2011 motion for summary judgment and Sears' December 12, 2011 motion for summary judgment are denied.

**SO ORDERED.**

August 28, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 15 -